OPINION
Defendant-appellant Greg Courtney appeals the decision of the Columbiana County Common Pleas Court which dismissed his motion for attorney fees as being untimely filed. For the following reasons, the trial court's decision is reversed and this cause is remanded for a decision on appellant's motion for attorney fees.
In July 1995, Edwin Davila filed a complaint against Greg Courtney and a company which has since been dismissed from the suit. Mr. Davila alleged that Mr. Courtney negligently deprived him of the use of his car by having it towed from a parking lot that did not have the statutorily required signs for private towaway zones. Mr. Courtney filed his answer which alleged that Mr. Davila's suit was frivolous under Civ.R. 11 and R.C. 2323.51. He also filed a counterclaim alleging malicious prosecution, intentional infliction of emotional distress and libel.
The court bifurcated the case, sending Mr. Davila's claim to an arbitrator and reserving disposition of Mr. Courtney's counterclaim until later. In August 1996, the arbitrator found in favor of Mr. Courtney and taxed the costs to Mr. Davila. Apparently, Mr. Davila's car had not actually been towed as he first claimed. In November 1996, the court entered judgment on the arbitrator's decision.
Thereafter, Mr. Davila filed a motion for summary judgment on Mr. Courtney's counterclaim. The court granted summary judgment for Mr. Davila on October 24, 1997. Then, on November 5, 1997, Mr. Courtney filed a motion for attorney fees based upon Mr. Davila's act of filing the lawsuit. In January 1998, Mr. Davila also filed a motion for attorney fees based upon Mr. Courtney's act of filing a counterclaim. On May 15, 1998, the court dismissed both motions stating that they were filed untimely. Mr. Courtney filed timely appeal. Mr. Davila cross-appealed. However, he never filed his brief which was due in September 1998. Thus, Mr. Davila's cross-appeal is dismissed.
Mr. Courtney [hereinafter appellant] advances the following two assignments of error:
 "THE TRIAL COURT'S JUDGMENT ENTRY OF MAY 15, 1998 IS CONTRARY TO LAW AND IS AN ABUSE OF DISCRETION IN DISMISSING APPELLANT'S MOTION FOR SANCTIONS UNDER R.C. 2323.51."
 "THE TRIAL COURT'S JUDGMENT ENTRY OF MAY 15, 1998 IS CONTRARY TO LAW AND IS AN ABUSE OF DISCRETION IN DISMISSING APPELLANT'S MOTION FOR SANCTIONS UNDER RULE 11 OF THE OHIO RULES OF CIVIL PROCEDURE."
Pursuant to R.C. 2323.51, a party may file a motion for attorney fees for another party's frivolous conduct. The motion can be filed at any time prior to commencement of the trial or within twenty-one days after the entry of judgment. The trial court found that the judgment which started the twenty-one days running was its November 1996 decision on the arbitrator's report. Appellant asserts that the judgment which started the time running was the October 24, 1997 summary judgment on appellant's counterclaim.
This court has previously decided that only a final order constitutes the judgment that starts the time running for an R.C.2323.51 motion. Olivito v. Cavanaugh (Dec. 30, 1992), Jefferson App. Nos. 90-J-33, 90-J-39, unreported, 12-13 (which is a case on point with regards to the issues in the present case) Accordingly, our analysis must start with a determination as to when the case at bar constituted a final order. The trial court determined that said event occurred on November 5, 1997 when the court dismissed plaintiff's complaint. However, we agree with appellant that the matter became a final order on October 24, 1997 when the court disposed of the counterclaim. It is well settled that a lawsuit that disposes only one prong of a lawsuit (e.g. the complaint) does not ipso facto make the matter a final appealable order until the remaining prong or prongs are also terminated (e.g. counterclaims) in the absence of the "no just reason for delay language" set forth in Civ.R. 54 (B). Since the trial court's November judgment did not utilize the aforementioned Rule 54 language, the case became final on October 24, 1997. Therefore, appellant's November 5th motion for attorney fees was timely and the trial court had jurisdiction to grant attorney fees if a hearing is conducted pursuant to R.C. 2323.51 (B) (2).
Moreover, we note that there is no time limit set forth in Ohio's rule relative to a motion for attorney fees. Compare Fed.R.Civ.P. 11 which was amended in 1993 to require filing before final judgment is issued and which previously allowed such motion to be filed after final judgment. See Cooter Gell v. Hartmax Corp.
(1990), 496 U.S. 384, 396; Riddy v. City of Springfield (C.A.6, 1007), 109 F.3d 288, 295. Ohio's Civ.R. 11 is akin to the prior federal rule. Hence, a Civ.R. 11 motion is not untimely solely because it is filed after final judgment is rendered in a case. Specifically, in Olivito v. Cavanaugh, this court pointed out that a Civ.R. 11 motion for sanctions can be made after the conclusion of an action. Id. at 14. In accordance, we hold that a Civ.R. 11 motion for sanctions is not untimely when it is filed twelve days after final judgment is rendered in a case, especially where the movant pled Civ.R. 11 in his answer as an affirmative defense.
The signature of an attorney or a pro se party certifies that such person believes there is good ground to support the pleading that they filed. Civ.R. 11. If an attorney or a pro se party willfully violates this rule, the opposing party may seek recovery of attorney fees expended in dealing with the alleged frivolity.Id. In the case at hand, Mr. Davila was both an attorney and a pro se party. As such, the trial court may also order Mr. Davila to pay attorney fees if the court finds that he willfully violated Civ.R. 11.
For the foregoing reasons, the decision of the trial court is reversed and this cause is remanded to the trial court for a decision on whether appellant is entitled to attorney fees from Mr. Davila under either R.C. 2323.51 or Civ.R. 11.
Cox, P.J., concurs.
Waite, J., concurs; see concurring opinion.
APPROVED:
 __________________________________ JOSEPH J. VUKOVICH, JUDGE